# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 24-cv-02108-NYW-NRN

ROBERT MASON ELLIOTT,

    Plaintiff,

v.

PAMELA BONDI,
WILLIAM MARSHALL,
ANDREW D. WILLMAN,
TIFFANY J. PRESTON,
KRISTINA M. KOROBOV,
ANREW CIOLLI,
FEDERAL BUREAU OF PRISONS, and
JOHN DOES 1–20,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Report and Recommendation on Plaintiff's Various Motions Regarding Emergency Relief, issued by United States Magistrate Judge N. Reid Neureiter ("Recommendation"). [Doc. 98, filed April 3, 2025]. Since the Recommendation issued, Plaintiff has filed two more motions for emergency injunctive relief: the Status Report/Emergency Motion, filed on April 21, 2025 ("April 21 Motion"), [Doc. 100], and Motion for Temporary Emergency Restraining Order, filed on June 2, 2025 ("June 2 Motion"), [Doc. 108].[1]  For the reasons set forth below, the Court

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes his filings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

respectfully **ADOPTS** the Recommendation, **DENIES** the April 21 Motion [Doc. 100], and **DENIES** the June 2 Motion [Doc. 108].

Plaintiff Robert Elliott ("Plaintiff" or "Mr. Elliott") is an individual incarcerated at the United States Penitentiary Administrative Maximum Facility ("ADX") in Florence, Colorado. [Doc. 9 at 2, 9]. Mr. Elliott brings this suit to challenge the constitutionality of his placement at ADX and the Special Administrative Measures ("SAMs") that restricted his communications. See generally [*id.*]. He seeks a transfer from ADX to a less restrictive facility. [*Id.* at ¶ 84]. Mr. Elliott also seeks the removal of his SAMs, [*id.* at ¶¶ 82–84], though the Parties agree that the SAMs have now expired, [Doc. 81 at 2; Doc. 94 at 1]. Since filing his Amended Complaint, [Doc. 9], Mr. Elliott has moved for various forms of emergency and preliminary relief. Judge Neureiter generally divides these motions based on whether they were filed before Plaintiff's SAMs expired, [Doc. 18; Doc. 19; Doc. 20; Doc. 30], or after, [Doc. 92; Doc. 93; Doc. 94; Doc. 95; Doc. 96]; *see also* [Doc. 98 at 1]. The Court begins with the motions addressed in the Recommendation before turning to the April 21 and June 2 Motions.

I.   **Recommendation**

In the Recommendation, Judge Neureiter recommends this Court deny as moot the motions that relate to the expired SAMs. [Doc. 98 at 2–3]; *see also* [Doc. 18; Doc. 30; Doc. 94; Doc. 96]. He further recommends granting two motions that appear to withdraw earlier motions. [Doc. 98 at 3]; *see* [Doc. 93 (requesting that the Court "dismiss" [Doc. 19]); Doc. 95 (requesting that the Court "dismiss" [Doc. 20])]. Finally, Judge Neureiter recommends denying another motion, [Doc. 92], because it seeks preliminary injunctive relief unrelated to Plaintiff's claims, *see* [Doc. 98 at 3–4].

2

The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties.  [*Id*. at 4]; *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  The Recommendation's Certificate of Service confirms that it was mailed to Plaintiff on April 3, 2025.  [Doc. 102].  No Party has objected to the Recommendation, and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court has therefore reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.  Based on this review, the Court concludes that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.  Accordingly, the Court respectfully **ADOPTS** the Recommendation.

II.    **April 21 and June 2 Motions**

Plaintiff's April 21 and June 2 Motions seek additional preliminary injunctive relief based on events that occurred after the filing of the Amended Complaint.  A preliminary injunction or temporary restraining order grants "intermediate relief of the same character as that which may be granted finally."  *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir.

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

3

2009) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).  A party seeking a preliminary injunction must therefore establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  Courts will not grant preliminary relief that exceeds or does not relate to the claims in the complaint.  *See id.*; *accord Adams v. Ade*, No. 19-cv-00041-JHP-SPS, 2019 WL 3456814, at *2 (E.D. Okla. July 31, 2019) (collecting cases); *De Beers Consol. Mines*, 325 U.S. at 220 (denying preliminary injunction that "deal[t] with a matter lying wholly outside the issues in the suit").  The Court accordingly reviews the April 21 and June 2 Motions to determine whether they sufficiently relate to the claims in the Amended Complaint.

### A.   April 21 Motion

The April 21 Motion alleges that Defendant Federal Bureau of Prisons ("BOP") has placed most of the funds in Plaintiff's inmate account "under encumbrance."  [Doc. 100 at ¶ 5].  Plaintiff further alleges that BOP has improperly increased his restitution payment amounts.  [*Id.* at ¶ 15].  He contends that BOP took these actions to retaliate against his prior motions for emergency relief.  [*Id.* at ¶¶ 5, 8–9, 15].  Plaintiff asserts that the encumbrance on his funds will impact his ability to pursue post-conviction relief in his underlying criminal case.  [*Id.* at ¶¶ 18–22].  He asks the Court to schedule an "emergency phone call with [him]," order BOP to "immediately release all of Plaintiff's money to his attorney," and "order the BOP to stop retaliating against Plaintiff."  [*Id.* at ¶ 26].

BOP responds that the April 21 Motion fails because it does not "establish[] a relationship" between the issues raised in the motion and the claims in the Amended

4

Complaint. [Doc. 107 at 6–7]. Even if the April 21 Motion did relate to the underlying claims, BOP argues, the April 21 Motion is moot and Plaintiff fails to meet the requirements for preliminary injunctive relief under Federal Rule of Civil Procedure 65. [*Id.* at 7–9].

The Court agrees with BOP that the April 21 Motion requests relief that does not relate to the claims and requested relief set out in the Amended Complaint. The Amended Complaint contains no claim for retaliation, no factual allegations regarding the funds in Plaintiff's inmate account, and no request for relief that relates to the injunctive relief sought by the April 21 Motion. *See generally* [Doc. 9]. Because the April 21 Motion bears no relationship to Plaintiff's underlying claims, the Court cannot grant preliminary injunctive relief. *See Little*, 607 F.3d at 1251; *see also, e.g.*, *Harvey v. Martinez*, No. 22-cv-00369-NYW-TPO, 2024 WL 5086080, at *8 (D. Colo. Dec. 12, 2024) (denying motion for preliminary injunction related to inmate's legal mail where the "relevant conduct and legal analysis" was distinct from the claims in the operative complaint). The April 21 Motion is respectfully **DENIED**.

B.   **June 2 Motion**

The June 2 Motion alleges that a BOP staff member, "T. Lillard," issued Plaintiff a disciplinary "incident report" for "mail abuse" based on his communications with his attorney in his underlying criminal case. [Doc. 108 at ¶ 1]. Mr. Elliott contends that the First Amendment protects his communications with his attorney, so the incident report is unconstitutional retaliation. [*Id.* at ¶ 8]. He asserts that the report was issued "for the sole purpose of sabotaging Plaintiff's transfer [out of ADX]." [*Id.* at ¶ 7]. And because Claim Three of the Amended Complaint requests a transfer out of ADX, Mr. Elliott contends that

5

the June 2 Motion relates to the underlying claims in this case. [*Id.*]. Mr. Elliott seeks a temporary restraining order requiring BOP to "stop retaliating against Plaintiff" and "proceed with Plaintiff's transfer [out of ADX]." [*Id.* at ¶ 13]. BOP again responds that this request does not sufficiently relate to Plaintiff's underlying claims and does not satisfy the criteria for preliminary injunctive relief under Federal Rule of Civil Procedure 65. [Doc. 110].

The June 2 Motion fails for the same reason as the April 21 Motion. In Plaintiff's view, because he has requested a transfer from ADX, he may seek injunctive relief against any BOP conduct that might hypothetically obstruct that transfer. [Doc. 108 at ¶ 7]. The Court respectfully disagrees. The tenuous factual connection Mr. Elliott alleges—that BOP staff have engaged in First Amendment retaliation to sabotage his possible transfer out of ADX—is insufficient to establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little*, 607 F.3d at 1251. Claim Three of the Amended Complaint challenges Plaintiff's SAMs and ADX placement on Fifth Amendment grounds without alleging First Amendment retaliation.[3] *See* [Doc. 9 at ¶¶ 49–53, 55–57, 84]. The alleged retaliatory conduct described in the June 2 Motion implicates different BOP staff, different conduct, and an entirely different legal theory than the allegations in the Amended Complaint.[4] In light of these differences,

---

[3] To the extent the Amended Complaint alleges that ADX imposes unconstitutional "conditions of confinement," the Amended Complaint could also be liberally construed to include a challenge to Plaintiff's ADX placement on Eighth Amendment grounds. *See* [Doc. 9 at ¶¶ 68–81]. Regardless, the Amended Complaint includes no reference, even an implicit one, to a First Amendment retaliation claim.

[4] Before Defendants responded to the June 2 Motion, Plaintiff filed a "Status Report/Addendum" to the motion that purports to set out more "examples of clear, blatant retaliation." [Doc. 109 at ¶ 3]. But the additional facts alleged in the Status Report/Addendum cannot connect Plaintiff's retaliation theory with his underlying claims

the Court is "powerless" to grant preliminary injunctive relief against a constitutional violation that Plaintiff did not allege in his underlying claims. *See Lopez v. Williamson*, No. 22-cv-00466-PAB, 2022 WL 1046965, at *1 (D. Colo. Apr. 7, 2022) (denying motion for preliminary injunction that asserted different constitutional violation by different official than allegations in complaint); *Moore v. Hodge*, No. 22-cv-00829-DDD-NRN, 2023 WL 11921405, at *2 (D. Colo. May 26, 2023) (finding preliminary injunction inappropriate when injunction implicated different conduct, injuries, and legal doctrines than underlying claims). The June 2 Motion is therefore respectfully **DENIED**.

Accordingly, it is **ORDERED** that:

(1)   The Report and Recommendation on Plaintiff's Various Motions Regarding Emergency Relief, [Doc. 98], is **ADOPTED**;

(2)   Plaintiff's Motion Requesting Emergency Restraining Order, [Doc. 18], and Motion Requesting Preliminary Injunction, [Doc. 30], are **DENIED as moot**;

(3)   Plaintiff's Motions to Dismiss in Part, [Doc. 94; Doc. 96], are **DENIED as moot**;

(4)   Plaintiff's Motions to Dismiss, [Doc. 93; Doc. 95] are **GRANTED**;

(5)   Plaintiff's Motion Requesting Emergency Restraining Order, [Doc. 19], and Motion Requesting Preliminary Injunction, [Doc. 20] are deemed **WITHDRAWN**;

(6)   Plaintiff's Motion for Emergency Injunction, [Doc. 92], is **DENIED**;

---

in this case. Plaintiff also filed a second "Addendum to Request for TRO," [Doc. 111], that contains a declaration from Mr. Elliott's attorney in his criminal case. The declaration disputes some of the facts alleged in the June 2 Motion but expressly "take[s] no position on" the June 2 Motion. [*Id.* at 4]. Accordingly, neither of Mr. Elliott's addenda alters the Court's analysis of the June 2 Motion.

(7) Plaintiff's Status Report/Emergency Motion, [Doc. 100], is **DENIED**;

(8) Plaintiff's Motion for Temporary Emergency Restraining Order, [Doc. 108], is **DENIED**; and

(9) The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff:

>Robert Mason Elliott
>#16749-028
>Florence ADMAX U.S. Penitentiary
>P.O. Box 8500
>Florence, CO 81226

DATED:  June 30, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge