IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-02108-NYW-NRN

ROBERT MASON ELLIOTT,

    Plaintiff,

v.

PAMELA BONDI,
WILLIAM MARSHALL,
ANDREW D. WILLMAN,
TIFFANY J. PRESTON,
KRISTINA M. KOROBOV,
ANREW CIOLLI,
FEDERAL BUREAU OF PRISONS, and
JOHN DOES 1–20,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Report and Recommendation on Plaintiff's Motions to Amend and Defendants' Motions to Dismiss, issued by United States Magistrate Judge N. Reid Neureiter ("Recommendation"). [Doc. 127, filed August 19, 2025]. This Order incorporates the Recommendation's summary of the factual and procedural background of this case. See [*id.* at 2–6]. The Recommendation addresses four pending motions. [*Id.* at 1–2]. First, Judge Neureiter recommends that Plaintiff's Motion to Dismiss Certain Requests for Relief Voluntarily from His Amended Complaint [Doc. 82] be denied. Second, Judge Neureiter recommends that that Plaintiff's Motion and Status Report ("Second Motion to Amend") [Doc. 114] be denied. Third, Judge Neureiter recommends that Defendants' Partial Motion to Dismiss as Moot Pursuant to

Rule 12(b)(1) [Doc. 84] be granted, and Plaintiff's first and second claims for relief be dismissed.  Finally, Judge Neureiter recommends that Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. 42] be granted, and Plaintiff's third (and final) claim for relief be dismissed.  See [Doc. 127 at 1–2]; see also [id. at 5–6 (summarizing the claims in Plaintiff's operative Amended Complaint, [Doc. 9])].

The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties.  [Id. at 24]; see also 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  No Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").  In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.  Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.  The Recommendation is accordingly **ADOPTED**.

---

[1] This standard of review is something less than a "clearly erroneous . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

In adopting the Recommendation, the Court dismisses all three of Plaintiff's claims for relief to the extent they are asserted against the named Defendants.[2] Plaintiff's first and second claims for relief, based on alleged violations of his First Amendment rights, are **DISMISSED without prejudice** as moot.  See [Doc. 9 at 6–19 (first claim); *id.* at 19–20 (second claim)]; *Browne v. City of Grand Junction*, 85 F. Supp. 3d 1249, 1255 (D. Colo. 2015) ("[A court] has no subject matter jurisdiction over claims that are moot." (citation omitted)); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice."). Plaintiff's third claim for relief, alleging violations of his Fifth Amendment rights, is **DISMISSED without prejudice** for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Court also dismisses this claim without prejudice, given that Mr. Elliott proceeds pro se and Defendants do not argue—nor is it "obvious" to the Court—that any future amendment would be futile. *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190–91 (10th Cir. 2014) (quotation omitted). *See generally* [Doc. 42].  Having dismissed Plaintiff's claims against Defendant Federal Bureau of Prisons (or "BOP"), the Court respectfully **DENIES as moot** the following motions, which request preliminary injunctive relief against BOP:  (1) Plaintiff's Motion for Emergency Temporary Restraining Order [Doc. 116]; (2) Plaintiff's Motion Requesting Return of Property [Doc. 121]; and (3) Plaintiff's Motion and Status Report / Emergency

---

[2] Because Plaintiff proceeds pro se, the Court liberally construes his filings.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Injunction [Doc. 132].  The Court further **DENIES as moot** Plaintiff's Motion to Withdrawl [sic] [Doc. 124].

The Court addresses Plaintiff's Motion to Hold Defendant BOP in Contempt ("Motion for Contempt") [Doc. 115] on its merits.  In the Motion for Contempt, Plaintiff contends that BOP has misled the Court by submitting "sworn declarations . . . stating that Plaintiff has no restrictions on his communications of any kind," only to reimpose communications restrictions that resemble his now-expired SAMs.  [*Id.* at 1–2].  Plaintiff asks the Court to "hold Defendant [Federal Bureau of Prisons (or "BOP")] in contempt for knowingly and intentionally making false and misleading statements to this [C]ourt and acting in bad faith."  [*Id.* at 3].  But as BOP points out, [Doc. 119 at 4–5], Plaintiff fails to establish that a civil contempt sanction is appropriate.  "Civil contempt has a remedial objective and seeks to compel compliance with a [c]ourt's order for the benefit of the complainant."  *Home Design Servs., Inc. v. B&B Custom Homes, LLC*, No. 06-cv-00249-WYD-GJR, 2008 WL 927683, at *2 (D. Colo. Apr. 3, 2008) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28 (1994)).  Accordingly, to prevail on a motion for civil contempt, the movant must prove by clear and convincing evidence "that a valid court order existed, that the [nonmovant] had knowledge of the order, and that the [nonmovant] disobeyed the order."  *Woodson v. Green*, 191 F. Supp. 2d 1231, 1234 (D. Kan. 2002) (quoting *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)).

Plaintiff's Motion for Contempt does not identify—nor is this Court aware of—any court order requiring BOP to take any particular action on Plaintiff's communications restrictions.  Nor, for that matter, does Plaintiff identify which BOP declarations contain

4

the alleged false claim that Plaintiff would be exempt from communications restrictions "of any kind" once his SAMs expired. See [Doc. 119 at 5–6]. Either way, the Court's duty to liberally construe Plaintiff's filings does not require the Court to search the record and make arguments on Plaintiff's behalf. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record."). Because Plaintiff fails to establish, by clear and convincing evidence, that a civil contempt sanction is appropriate, Plaintiff's Motion for Contempt is respectfully **DENIED**.

Finally, the Court considers Plaintiff's claims against Defendants John Does 1–20 ("Doe Defendants"). The Doe Defendants are various individuals and agencies with "authority and influence over the implementation and renewal of SAMs." [Doc. 9 at 8]. The Doe Defendants have not been served or identified and have not appeared in this case. It appears, however, that Judge Neureiter's conclusions in the Recommendation apply to Plaintiff's claims against the Doe Defendants with equal force. With respect to Plaintiff's first and second claims against the Doe Defendants—alleging First Amendment violations based on his SAMs—the Court agrees with Judge Neureiter that Plaintiff's First Amendment claims against the Doe Defendants are mooted by the expiration of Plaintiff's SAMs. [Doc. 127 at 20]; see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (recognizing that federal courts have an "independent obligation" to verify their subject matter jurisdiction). Accordingly, Plaintiff's first and second claims against the Doe Defendants are respectfully **DENIED without prejudice** as moot.

With respect to Plaintiff's third claim against the Doe Defendants—alleging violations of Plaintiff's Fifth Amendment rights—this claim relies on the same factual

allegations that Judge Neureiter deemed to be insufficient to state a Fifth Amendment claim against the named defendants. *See* [Doc. 9 at 20–26 (asserting Fifth Amendment claim against "Defendants 1 through 7" without distinguishing factual allegations relevant to Doe Defendants or named defendants); Doc. 127 at 23 (concluding that "the SAMs imposed upon Plaintiff did not constitute 'atypical and significant hardship'" that would give rise to a Fifth Amendment claim)]. Accordingly, no later than October 31, 2025, Plaintiff shall **SHOW CAUSE** why his Fifth Amendment claim against the Doe Defendants should not be dismissed for failure to state a claim under Rule 12(b)(6).

Accordingly, it is **ORDERED** that:

(1) The Report and Recommendation on Plaintiff's Motions to Amend and Defendants' Motions to Dismiss [Doc. 127] is **ADOPTED**;

(2) Plaintiff's Motion to Dismiss Certain Requests for Relief Voluntarily from His Amended Complaint [Doc. 82] is **DENIED**;

(3) Plaintiff's Second Motion to Amend [Doc. 114] is **DENIED**;

(4) Defendants' Partial Motion to Dismiss as Moot Pursuant to Rule 12(b)(1) [Doc. 84] is **GRANTED**;

(5) Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. 42] is **GRANTED**;

(6) Plaintiff's first and second claims for relief are **DISMISSED without prejudice**;

(7) Plaintiff's third claim for relief is **DISMISSED without prejudice** to the extent it is asserted against the named defendants;

(8) Plaintiff's Motion for Emergency Temporary Restraining Order [Doc. 116] is

6

        **DENIED as moot**;

(9)    Plaintiff's Motion Requesting Return of Property [Doc. 121] is **DENIED as moot**;

(10)   Plaintiff's Motion to Withdrawl [sic] [Doc. 124] is **DENIED as moot**;

(11)   Plaintiff's Motion and Status Report / Emergency Injunction [Doc. 132] is **DENIED as moot**;

(12)   Plaintiff's Motion to Hold Defendant BOP in Contempt [Doc. 115] is **DENIED**;

(13)   No later than October 31, 2025, Plaintiff shall **SHOW CAUSE** why his Fifth Amendment claim against the Doe Defendants should not be dismissed for failure to state a claim under Rule 12(b)(6); and

(14)   The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff:

      Robert Mason Elliott
      #16749-028
      Cumberland Federal Correctional Institution
      P.O. Box 1000
      Cumberland, MD 21501

DATED: September 30, 2025        BY THE COURT:

                                              _____
                                              Nina Y. Wang
                                              United States District Judge